TACOMA RY. & POWER CO. v. ERPELDING.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,152.

1. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where, in an action for injuries to a passenger, there was no evidence of explanation on the part of the surgeon that attended plaintiff and operated on him after the accident, a request to charge that if the operation was performed in a negligent and unskillful manner, and by reason thereof additonal injuries were inflicted, plaintiff could not recover damages for the injuries inflicted by the unskillful operation, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. TRIAL (§ 260*) — INSTRUCTIONS — REQUESTS TO CHARGE — INSTRUCTIONS GIVEN.

It is not error to refuse requests to charge, the substance of which has been given in other instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Frank H. Rudkin, Judge.

Action by William Erpelding against the Tacoma Railway & Power Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John A. Shackleford and F. D. Oakley, both of Tacoma, Wash., for plaintiff in error.

B. F. Jacobs, of Tacoma, Wash. (J. F. Fitch, of Tacoma, Wash., of counsel), for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The defendant in error brought this action in the court below to recover damages for personal injuries sustained by him while a passenger on one of the street cars of the plaintiff in error, in a collision with another car of the same company. It was admitted that such collision occurred by reason of the negligence of the defendant company. The plaintiff was by occupation a mortar mixer and hod carrier, and was at the time 53 years of age. While

---

his injuries appeared to the physician first summoned by him to be of such a character that he applied simple remedies, the plaintiff's sufferings, according to the evidence on his behalf, continued so great that after several months, and a change of physicians, his injuries were discovered to be far more serious than were at first supposed, and finally resulted in a serious and very unusual operation, by which the surgeon performing it—

"cut out an inch and one-half of the sixth rib near the spine, and then cut out the nerve, so as to kill the nerve and stop the pain, and also cut the fifth nerve to deaden the neuritis in it."

The medical witnesses for the respective parties differed in their opinions as to the correctness of such treatment—some of those on the part of the defendant to the action testifying that they never heard of such an operation, and also testifying that they did not consider such treatment the proper course, while one of such witnesses on the plaintiff's part testified that he knew of but one like operation to have been previously performed. Both of the medical witnesses on the plaintiff's behalf testified in effect that it was the only thing to be done in view of the plaintiff's then condition, and the evidence on the part of the plaintiff certainly tended to show that the operation did greatly relieve the intense pain that the plaintiff had theretofore suffered from the injury received by him.

There was no evidence tending to show any carelessness, negligence, or unskillfulness in the performance of the operation itself. The trial resulted in a verdict of the jury in the plaintiff's favor for $4,500.

[1] One of the assignments of error made on behalf of the plaintiff in error (defendant below) is that the trial court erred in refusing to instruct the jury that if they believed from the evidence—

"that the operation performed upon plaintiff was performed by his physician in a careless, negligent, and unskillful manner, by reason of which additional injuries were inflicted upon the plaintiff, then plaintiff cannot recover damages for such injuries inflicted upon him by reason of such unskillful operation."

A conclusive answer to this assignment of error is that there was no such evidence in the case.

[2] Another assignment is the refusal of the court to instruct the jury that it was its duty—

"to determine to what extent plaintiff's injuries are due to the negligence of the defendant, and to what extent, if any, they are due to the unskillful treatment and act of his physicians. The plaintiff can only recover such damages as naturally and proximately resulted from the defendant's negligence, aside from any aggravation of damages caused by the negligence of the attending physicians."

The answer to this assignment is that the court below did give, in substance, the requested instruction in this portion of its charge:

"I further charge you that if you believe from the evidence in this case that it was not reasonably necessary to perform an operation upon the plaintiff to cure any injuries received by him through the negligence of the defendant at the time of the accident complained of, and that if you believe that an operation was performed which did in fact result in further and

additional injuries to plaintiff, then defendant cannot be charged with the additional injuries so inflicted, or for loss of time, pain, and suffering, which were the result of said operation, or for the expense of this operation."

The only remaining assignment of error relates to that portion of the charge of the trial judge in which he told the jury that they were only concerned with the measure of the plaintiff's compensation, and on that question that they should—

"allow him fair compensation for any pain and suffering he has endured in the past as the result of this accident. You will compensate him for any pain and suffering he will endure in the future as a result of this accident, and you will compensate him for any loss he has sustained through the impairment of his earning capacity in the past as a result of the accident, and also for any loss or impairment of his earning capacity in the future as a result of this accident."

The contention of the plaintiff in error is that the jury should have been cautioned to award damages only for pain that the plaintiff was "reasonably certain" to endure in the future, and to compensate him only for any loss or impairment of his earning capacity in the future "reasonably certain" to result from the accident. A conclusive answer to this contention is that the court did that expressly in that portion of its charge in which the judge said:

"I further charge you that the burden is on the plaintiff to show by a fair preponderance of the evidence that the injuries he complains of have resulted from the accident, and not merely that they may have so resulted. You are not justified in awarding him for purely speculative injuries, that is to say, for results which may or may not happen, and you will allow the plaintiff nothing for future pain and suffering, unless you are satisfied by a fair preponderance of the evidence that future pain and suffering are reasonably certain to result from the injuries."

We see no merit in the appeal, and the judgment is accordingly affirmed.